IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHARLES E. DUFFY,

    Defendant Below,
    Appellant,

    v.

STATE OF DELAWARE,

    Plaintiff Below,
    Appellee.

§
§
§ No. 466, 2018
§
§ Court Below—Superior Court
§ of the State of Delaware
§
§ Cr. ID No. 1709009959 (S)
§
§
§

Submitted: December 13, 2018
Decided: February 5, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the opening brief, the motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Charles E. Duffy, filed this appeal from the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61.[1]  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Duffy's opening brief that his appeal is without merit.  We agree and affirm.

---

[1] *State v. Duffy*, 2018 WL 4002244 (Del. Super. Ct. Aug. 15, 2018).

(2) In September 2017, Duffy was indicted for Violation of Privacy under 11 *Del. C.* § 1335(a)(7). The charges arose from Duffy taking photographs of a store customer on September 9, 2017. In November 2017, Duffy was charged by superseding indictment with Violation of Privacy under 11 *Del. C.* § 1335(a)(7), two counts of Attempted Violation of Privacy under 11 *Del. C.* § 1335(a)(7), and Tampering with Physical Evidence. These charges arose from the same September 9th incident.

(3) On January 12, 2018, Duffy pled guilty to Violation of Privacy. As part of the plea agreement, Duffy agreed that he was a habitual offender based in part on rape convictions in the 1970s and 1980s. The State agreed to recommend no more than seven years of Level V incarceration and to dismiss the other charges. The Superior Court granted the State's petition to declare Duffy a habitual offender under 11 *Del. C.* § 4214(a). On April 13, 2018, the Superior Court sentenced Duffy, as a habitual offender under § 4214(a), to six years of Level V incarceration with credit for 217 days previously served. Duffy filed a notice of appeal and then withdrew the appeal.

(4) On July 12, 2018, Duffy filed a timely motion for postconviction relief under Superior Court Criminal Rule 61. Duffy argued that: (i) his *Miranda* rights were violated; (ii) his counsel was ineffective for failing to pursue the *Miranda* claim, not thoroughly reviewing video of the incident, and not interviewing the

victim or having the victim appear in court; (iii) the arresting officer made false statements; (iv) the original charge of misdemeanor sexual harassment was wrongfully increased to a non-violent Class G felony; (v) he could not be sentenced as a habitual offender for Violation of Privacy because it is a non-violent Class G felony; (vi) there was no video evidence; (vii) there were no case reviews; (viii) there was prosecutorial misconduct; (ix) and he should have been sentenced under the pre-Truth-in-Sentencing law because at the time of his new crime he was on parole for a pre-Truth-in-Sentencing crime. Duffy also filed a motion for appointment of counsel.

(5) The Superior Court denied the motions, finding that most of Duffy's claims were barred by Rule 61(i)(3) and his knowing and voluntary guilty plea. The Superior Court also held that Duffy failed to show his counsel was ineffective. This appeal followed. In addition to the claims he raised below, Duffy argues that he was entitled to the appointment of counsel and that the Rule 61 procedural bars are inapplicable because he produced new evidence that creates a strong inference he is actually innocent.

(6) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[2] The Court must consider the

---

[2] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

procedural requirements of Rule 61 before addressing any substantive issues.[3] Rule 61(i)(3) provides that any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the defendant can establish cause for relief from the procedural default and prejudice from a violation of the defendant's rights. To establish cause, the movant must demonstrate that an external impediment prevented him from raising the claim earlier.[4] To establish prejudice, the movant must show actual prejudice resulting from the alleged error.[5]

(7) As the Superior Court recognized, Rule 61(i)(3) did not apply to Duffy's ineffective assistance of counsel claims, but did bar his remaining claims. Duffy did not raise these claims on direct appeal of his conviction. He did not attempt to establish cause for relief from the procedural default or actual prejudice. As to Duffy's claim that Rule 61(i)(3) is inapplicable because he produced new evidence that creates a strong inference he is actually innocent,[6] he seems to rely on the store video footage that the police reviewed before his arrest and his contention that the victim was wearing shorts rather than a skirt. This is not new evidence that creates a strong inference he is actually innocent of Violation of Privacy under 11

---

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[4] *Id.* at 556.
[5] *Id.*
[6] Super. Ct. Crim. R. 61(d)(2)(i) (providing defendant must "plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted"); Super. Ct. Crim. R. 61(i)(5) (providing that Rule 61(i)(3) bar does not apply to claim that satisfies the pleading requirement of Rule 61(d)(2)(i)).

*Del. C.* § 1335(a)(7), which provides that a person is guilty if they "[s]ecretly or surreptitiously videotape[], film[], photograph[] or otherwise record[] another person under or through that person's clothing for the purpose of viewing the body of or the undergarments worn by that other person."

(8)    As the Superior Court also recognized, a defendant who enters a knowing, intelligent, and voluntary guilty plea waives his right to challenge errors occurring before the entry of the plea.[7]  The record reflects that Duffy entered a knowing, intelligent, and voluntary guilty plea.  In the Truth-in-Sentencing Guilty Plea Form, Duffy indicated that he freely and voluntarily decided to plead guilty, no one forced him to plead guilty, and he understood he was waiving certain constitutional rights.  During the guilty plea colloquy, Duffy affirmed that no one forced him to enter into the plea agreement, he understood that he was waiving his trial and appeal rights, the information in the State's petition to declare him a habitual offender was accurate, he was subject to sentencing as a habitual offender and could be sentenced to life imprisonment, and he was guilty of Violation of Privacy.  Absent clear and convincing evidence to the contrary, which he has not identified, Duffy is bound by his representations during the guilty plea colloquy and in the Truth-in-

---

[7] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).

5

Sentencing Guilty Plea Form.[8] Duffy therefore waived his right to challenge errors occurring before his plea.

(9) The Superior Court did not err in concluding that Duffy failed to show his counsel was ineffective. To support a claim of ineffective assistance of counsel, Duffy must demonstrate that: (a) his counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty but would have insisted on going to trial.[9] A defendant asserting a claim of ineffective assistance must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel.[10] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[11]

(10) Duffy's ineffective assistance claims are not supported by the record. Duffy waived his *Miranda* claim and his challenges to the sufficiency of the evidence when he knowingly and voluntarily pled guilty.[12] Given the multiple charges against him and his criminal history, the guilty plea provided Duffy with a

---

[8] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[9] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[10] *Younger*, 580 A.2d at 556.
[11] *Albury*, 551 A.2d at 59.
[12] *See supra* n.7. *See also Johnson v. State*, 2008 WL 4830853, at *1 (Del. Nov. 7, 2008) (ineffective assistance of counsel claim implicating alleged errors before voluntary guilty plea was waived by plea).

clear benefit.  He faced multiple life sentences.[13]  Under the plea agreement, the State

agreed to dismiss the other charges and cap its sentencing recommendation to seven

years of Level V incarceration.  Finally, Duffy was not entitled to the appointment

of postconviction counsel under the Federal Constitution or Rule 61.[14]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[13] Duffy's claim that he could not be sentenced as a habitual offender for a non-violent felony is incorrect.  11 *Del. C.* § 4214(a) (providing that "any person who has been 3 times convicted of any felony under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony is declared to be an habitual criminal" and may be sentenced to up to life imprisonment).

[14] *See Roten v.* State, 2013 WL 5808236, at *1 (Del. Oct. 28, 2013) (rejecting argument that the Supreme Court held there was a federal constitutional right to counsel in first postconviction proceedings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)); Super. Ct. Crim. R. 61(e)(3) (providing that the Superior Court may appoint counsel in a timely postconviction motion following a guilty plea where, among other things, the motion states a substantial ineffective assistance of counsel claim in relation to the guilty plea and specific exceptional circumstances warrant the appointment of counsel).